UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 1:14-cr-10294-FDS |
| JOSE MARIN | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant entered the United States illegally and began fraudulently using the identity of an American citizen. He was later injured, and then continued to use the false identity to obtain hundreds of thousands of dollars in government benefits that he would not have been allowed to receive under his own identity. Thus, the United States respectfully recommends that the Court sentence the defendant to serve 30 months in prison and 12 months on supervised release, and to pay restitution of $73,439.17.

*The guideline calculation*

The guidelines are correctly calculated in the presentence report (PSR). The base offense level is six (PSR ¶ 18). Twelve levels are added because the defendant fraudulently obtained $303,685.77 in government benefits under a false identity (PSR ¶ 19). Two more levels are added because the defendant repeatedly used means of identification unlawfully to obtain other means of identification (PSR ¶ 20). After subtracting three levels for acceptance of responsibility, the total offense level is seventeen (PSR ¶ 28). In light of the defendant's criminal history, his guideline sentence is 30 to 37 months (PSR ¶ 72).

The twelve-level enhancement based on loss amount includes $62,243.01 in Social Security Supplemental Security Income (SSI) benefits as charged in the indictment, plus $10,196.16 in Massachusetts State Supplement Program benefits which are paid automatically to

SSI recipients, plus $223,484.69 in MassHealth medical insurance benefits that the defendant received automatically because he was receiving SSI, plus $7,761.91 in Supplemental Nutrition Assistance Program (SNAP) benefits, for a total of $303,685.77 (PSR ¶¶ 8-11). The defendant objects to the twelve-level enhancement based on loss amount "because the additional loss amount from MassHealth was not an alleged loss amount he was aware at the time of his guilty plea" (Def. Sent. Memo at 5-6). This argument suffers from several flaws.

First, for purposes of determining the applicable guideline range, the concept of relevant conduct is far broader than the four corners of the indictment. "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3 (Background). This is especially true in the context of U.S.S.G. § 2B1.1, in which the concept of loss is so broad that it can even include intended losses that never actually happened. See U.S.S.G. § 2B1.1, Application Note 3(A)(ii). In this case, of course, the $223,484.69 loss to MassHealth is an actual loss. The loss to MassHealth falls well within the broad boundaries of loss and relevant conduct because the defendant received the MassHealth benefits automatically because he was receiving the SSI benefits that form the basis of the charges in this case (PSR ¶ 10).

Moreover, the defendant was, in fact, aware that he had received significant amounts of MassHealth benefits. After all, he had been treated numerous times in connection with his medical problems. When he was interviewed by investigators in July 2014, the defendant gave a written statement in which he admitted that he received MassHealth benefits under the false identity. (A copy of the written statement is attached and the relevant text is highlighted). Even if the defendant did not know the exact dollar amount of MassHealth benefits that he received, he acknowledged at his guilty plea hearing that he understood that the Court would not be able to

determine his guideline sentence until after the Probation office prepared a pre-sentence report. See Transcript of Rule 11 Hearing at 9. In short, the Court should follow the Probation office's recommendation and apply a twelve-level increase based on loss amount.[1]

*The nature, circumstances, and seriousness of the offense*

The nature, circumstances, and seriousness of the offense justify a prison sentence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A). The defendant entered the United States illegally and then assumed the identity of an American citizen for more than a decade, obtaining driver's licenses and Social Security cards in the citizen's identity (PSR ¶ 8). Even worse, the defendant compiled a lengthy criminal history under the citizen's identity (PSR ¶ 30). After sustaining an injury, the defendant used the citizen's identity to obtain hundreds of thousands of dollars in government benefits that he never could have received under his true identity (PSR ¶¶ 8-11).

It bears emphasis that the defendant's criminal activity predates his 2006 injury. The defendant entered the United States illegally in or about 2003 (PSR ¶ 8). His very entry into this country without inspection was a federal crime. See 8 U.S.C. § 1325(a). In 2004, he fraudulently obtained a Massachusetts driver's license in the identity of the aforementioned American citizen. In 2004, 2005, and early 2006, the defendant repeatedly and fraudulently used the American citizen's name on multiple dates when he was arrested for assault and battery with a dangerous weapon, assault with intent to murder, disorderly conduct, drunk driving, and other charges (PSR ¶¶ 32-35, 42-44). Also in 2005 and early 2006, the defendant fraudulently obtained replacement Social Security cards in the American citizen's identity (PSR ¶ 8). All of

---

[1] The defendant incorrectly asserts that his total offense level would be six if the MassHealth money were excluded (Def. Sent. Memo at 6). Even if the $223,484.69 in MassHealth benefits were not included in the offense level, the calculation would be a base level of six, plus six levels for a loss over $40,000 for the charged Social Security money, plus two levels under U.S.S.G. § 2B1.1(b)(11)(C)(i), minus two levels for acceptance of responsibility, for a total offense level of twelve. This would yield a guideline sentence range of 15 to 21 months.

this conduct occurred before his April 2006 injury that confined him to a wheelchair.  In short, the defendant's identity fraud, which predates his paralysis, and his subsequent theft of government money justify a prison sentence.

*Specific deterrence*

The history and characteristics of the defendant and the need to protect the public from further crimes of the defendant also justify a prison sentence.  See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  The defendant's criminal history includes resisting arrest, disorderly conduct, drunk driving, breaking and entering, and destruction of property, but he was not sentenced to serve any significant time in prison on any of these occasions (PSR ¶¶ 32-36).  Unfortunately, as his multiple convictions attest, the lenient sentences of probation that he received did not deter him from committing more crime.  Even his confinement to a wheelchair did not deter him from harassing his ex-girlfriend, destroying her apartment door locks with his wheelchair armrest, and shattering a glass vase on her door, all of which earned him convictions for breaking and entering in the nighttime and malicious destruction of property (PSR ¶ 36).  He was also charged with assault and battery, drunk driving, and cocaine possession after he became disabled, although those charges did not result in convictions (PSR ¶¶ 45-51).  Given that probation and similar types of non-incarceration sentences do not deter this defendant from committing more crime, a prison sentence is appropriate at this point.

*General deterrence*

Finally, the need to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct justify a prison sentence.  See 18 U.S.C. § 3553(a)(2)(A)-(B).  The Social Security Administration pays over $50 billion annually

in SSI benefits to more than eight million recipients.[2]  These benefits are a financial lifeline for the disabled people who rely on them.  By imposing prison terms for people like the defendant who steal from Social Security, the Court can deter others from such theft.

*Conclusion*

For the foregoing reasons, the United States urges the Court to adopt the government's recommended sentence.

Respectfully submitted,

CARMEN ORTIZ
United States Attorney

Date: November 18, 2015          By:     */s/ Timothy Landry*
                                         Special Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Timothy Landry*
Special Assistant U.S. Attorney

---

[2] See 2015 Annual Report of the Supplemental Security Income Program, https://www.ssa.gov/oact/ssir/SSI15/ssi2015.pdf.